IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH J. MARINO** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **CROSS COUNTRY BANK and APPLIED** | : | |
| **CARD SYSTEMS, INC.** | : | NO. 07-1389 |

<u>**MEMORANDUM AND ORDER**</u>

**NORMA L. SHAPIRO, S.J.**                                                                 **JUNE 29, 2007**

    Plaintiff, Kenneth J. Marino ("Marino"), filed a complaint in Pennsylvania state court; it alleged wrongful use of civil proceedings and claimed damages under the Dragonetti Act, 42 Pa. C.S.A. § 8351. Defendants Cross Country Bank ("CCB") and Applied Card Systems, Inc. ("ACS"), removed the action to federal court on the basis of diversity jurisdiction. Subsequent to removal, Marino filed a motion to amend his complaint to add a breach of contract claim and join an additional defendant, Rocco Abessinio ("Abessinio"). On June 25, 2007, this court held a hearing on a rule to show cause why the action should not be remanded for failure to meet the amount in controversy, and argument on why the action should not be transferred to the District of Delaware. For the following reasons, the rule to show cause will be discharged, and the action will be transferred forthwith to the District of Delaware.

I.  **FACTS & PROCEDURAL HISTORY**

    This action arises from a series of actions among the parties. On October 1, 2000, Marino entered an employment agreement to serve as general counsel for defendants. (Compl. ¶ 5.) He was terminated on February 14, 2001, according to Marino, for his efforts to change the predatory lending practices of CCB and ACS. (Compl. ¶ 7.)

    On July 11, 2001, CCB, ACS, and Abessinio initiated against Marino an

arbitration proceeding arising out of the employment agreement among the parties; Marino filed a counterclaim. (Mot. to Amend Compl., Ex. C at 2.) On January 25, 2002, Marino filed an action in the United States District Court for the District of Delaware; he asserted claims arising out of the employment relationship against CCB, ACS, and Abessinio. (Mot. to Amend Compl., Ex. C at 2.) The two actions were consolidated into the federal litigation in the District of Delaware, and Marino subsequently filed an amended complaint asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, defamation, injurious falsehood, interference with prospective business relations, and conspiracy. (Mot. to Amend Compl., Ex. C at 2.) CCB, ACS, and Abessinio asserted counterclaims for breach of contract, breach of fiduciary duty, and an intentional tort arising out of the employment relationship. (Mot. to Amend Compl., Ex. C at 2.) By order dated February 14, 2003, the United States District Court for the District of Delaware dismissed some of Marino's claims with prejudice. (Mot. to Amend Compl., Ex. C at 3.)

The parties settled the remaining claims arising out of their employment relationship on May 21, 2003. (Mot. to Amend Compl., Ex. C.) The settlement agreement ("2003 Settlement") reads, in pertinent part:

> "Recital I
> This Agreement is a *bona fide* good faith settlement of Plaintiff's claims against Defendants and Defendants' claims against Plaintiff arising out of, or in any way related to, Plaintiff's Employment Agreement and/or employment relationship with Defendants . . .
>
> "Recital K
> This release is intended to be a General Release.
> **NOW, THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties, intending to be legally bound, agree as follows: . . .

>"2.     VOLUNTARY DISMISSAL
>
>"The parties hereby stipulate to the voluntary dismissal of all claims in the Federal Litigation, except for the Plaintiff's claim for defamation . . . Specifically, Plaintiff shall voluntarily dismiss all claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, injurious falsehood, interference with prospective business relations and conspiracy against all Defendants in the Federal Litigation, with prejudice.
>
>"Plaintiff hereby releases, acquits and forever discharges Defendants from any and all past, present or future claims, damages, causes of action, liens, demands, debts, liabilities, controversies or expenses, known or unknown, asserted or unasserted, liquidated or unliquidated, fixed or contingent, of any nature whatsoever which Plaintiff has or claims to have, or in any manner growing out of Plaintiff's claims as alleged in the Amended Complaint or any allegations related thereto, from the beginning of time to the date of this Agreement, including, but not limited to, any claims for attorneys fees, claims for benefits under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), and any claims whatsoever arising out of Plaintiff's Employment Agreement and/or employment relationship with the Defendants.
>
>"Plaintiff covenants and agrees not to sue or otherwise bring any suit or claim in any court or other forum against Defendants, or any of them, arising out of or relating to any of the claims voluntarily dismissed hereunder. Plaintiff further agrees that Plaintiff shall be liable to Defendants for damages, including attorneys' fees and expenses (whether or not allowed by law), as a result of any violation by Plaintiff of the covenant not to sue contained in this paragraph."

Marino similarly released CCB, ACS, and Abessinio from any liability for his defamation claim; the agreement also included a non-disparagement clause. The 2003 Settlement further provides:

>"14.    EXCLUSIVE JURISDICTION
>The parties hereto irrevocably consent to the exclusive jurisdiction of the United States District Court for the District of Delaware for any claims or disputes between or among the parties arising out of, or relating to, this Agreement, and said court shall reserve jurisdiction to enforce the provisions of this agreement."
>(Mot. to Amend, Ex. C at 3-10.)

On September 4, 2003, Marino submitted an affidavit, purportedly in response to a New York Attorney General subpoena issued in connection with a criminal investigation into the lending practices of CCB and ACS. (Compl. ¶ 8.)

3

On January 5, 2004, Marino brought a wrongful termination action against CCB and ACS in the United States District Court for the District of Delaware. (Compl. ¶ 9.) The parties settled the wrongful termination claim, and Marino alleges that as a result of the settlement ("2004 Settlement"), he was released from all obligations under his employment contract with CCB and ACS. (Compl. ¶ 10.)

On April 26, 2004, CCB and ACS filed suit against Marino in the Court of Common Pleas of Chester County, Pennsylvania, for breach of contract, breach of fiduciary duty and injunctive relief. (Compl. ¶ 12.) These claims were based on Marino's alleged violation of the confidentiality clause of his employment agreement with CCB and ACS, and Marino's alleged breach of the duty of confidentiality. (Mot. to Amend, Ex. B.) On August 24, 2005, the Court of Common Pleas dismissed all claims against Marino. (Mot. to Amend, Ex. B.) Marino avers the court found: Marino was not liable for breach of contract because, pursuant to the settlement agreement between the parties,[1] Marino had been released from his obligations under the employment contract with CCB and ACS; Marino did not breach his fiduciary duty in submitting an affidavit to the New York Attorney General; and CCB and ACS were not entitled to an injunction against Marino. (Compl. ¶ 14.)

Marino filed the instant wrongful use of proceedings action against CCB and ACS in the Delaware County Court of Common Pleas in Pennsylvania. He alleged that CCB and ACS procured, initiated, and continued the April 26, 2004, suit against Marino without probable cause,

---

[1] It is unclear from the record whether the Court of Common Pleas judge was referring to the 2003 Settlement or the 2004 Settlement; however, according to Marino, it was the 2004 Settlement that released him from all obligations of his employment contract with CCB and ACS (Compl. ¶ 10).

when they knew Marino had been released from his duties under the employment contract, and Marino was complying with a subpoena of the New York Attorney General when he submitted an affidavit regarding the practices of CCB and ACS. (Compl. 17.) CCB and ACS removed the action to federal court. On June 1, 2007, Marino filed a motion to amend his complaint to add a claim for breach of the non-disparagement clause in the 2003 Settlement, and to join Abessinio as a defendant. On June 25, 2007, this court held a hearing on a rule to show cause why the case should not be remanded for failure to meet the amount in controversy, and heard the parties on whether the case should be transferred to the United States District Court for the District of Delaware under Paragraph 14 of the 2003 Settlement.

## II.    DISCUSSION

### A.    Jurisdiction

Under 28 U.S.C. § 1332(a), the court has jurisdiction over all actions where the amount in controversy exceeds $75,000, and is between citizens of different states. A corporation is deemed a citizen of any state where it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). At the hearing on June 25, 2007, Marino's counsel averred that Marino had a North Carolina driver's license and a home in Pennsylvania. Defense counsel averred that both CCB and ACS are Delaware corporations with principal places of business in Delaware. Diversity of citizenship exists between Marino, CCB and ACS.

With respect to the amount in controversy requirement, "[i]n removal cases, determining the amount in controversy begins with a reading of the complaint filed in state court." Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 398 (2004). The complaint

alleges wrongful use of civil proceedings under the Dragonetti Act, 42 Pa. C.S.A. § 8351. Section 8353 of the Dragonetti Act describes the various categories of allowable damages for wrongful use of civil proceedings. See Hart v. O'Malley, 544 Pa. 315, 321 (1996). It provides that when the essential elements of wrongful use of civil proceedings have been established, the plaintiff is entitled to recover the expense, including any reasonable attorney fees, that he has reasonably incurred in defending himself against the proceedings. 42 Pa. C.S.A. § 8353(3). At the hearing on June 25, 2007, Marino's counsel averred that he billed his client in excess of $80,000 as a result of the allegedly wrongful civil proceedings; this statement was corroborated by defense counsel's correspondence of June 28, 2007, after he conducted limited discovery into the amount in controversy. The court finds that the amount in controversy requirement is met, and the rule to show cause will be discharged.

     **B.**     **Transfer**

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In addition to the enumerated factors in § 1404(a) – convenience of parties, convenience of witnesses, and interest of justice – courts have considered additional private and public interests when contemplating transfer. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The private interests include: plaintiff's forum preference as manifested in the original choice; defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; convenience of the witnesses, to the extent the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records, to the extent the files could not be

6

produced in the alternative forum. Id. The public interests include: enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; relative administrative difficulty in the two fora resulting from court congestion; local interest in deciding local controversies at home; public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879-80.

### 1. Forum selection clause

The parties have agreed to a forum selection clause providing "exclusive jurisdiction of the United States District Court for the District of Delaware for any claims or disputes between or among the parties arising out of, or relating to" the 2003 Settlement. The court uses federal law to determine the effect of forum selection clauses because questions of venue and forum selection clauses are procedural rather than substantive. Jumara, 55 F.3d at 877. Forum selection clauses are presumptively valid. Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd., 709 F.2d 190, 202 (3d Cir. 1983), *overruled on other grounds by* Lauro Lines v. Chasser, 490 U.S. 495 (1989). They have been upheld absent some showing that their enforcement would be "unreasonable, unfair, or unjust." Deolalikar v. Murlas Commodities, Inc., 602 F. Supp. 12, 15 (E.D. Pa. 1984).

Within the framework of § 1404(a), a forum selection clause is treated as an expression of the parties' preferences. Jumara, 55 F.3d at 880. "[W]hile courts normally defer to a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue." Id. Though the forum selection clause is not dispositive, it receives substantial consideration. Id.; see also Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (presence of a forum-selection clause figures centrally in the district

court's calculus whether to transfer case under § 1404(a)).

At the hearing on June 25, 2007, Marino argued that the forum selection clause does not govern his claim for wrongful use of civil proceedings, because his claim is based upon the 2004 Settlement releasing him from his employment obligations, and not upon the 2003 Settlement. However, Marino requested that the case be transferred to the District of Delaware because his proposed amended complaint, alleging breach of the non-disparagement clause of the 2003 Settlement, does arise out of the 2003 Settlement. The question is whether the forum selection clause in the 2003 Settlement, granting "exclusive jurisdiction of the United States District Court for the District of Delaware for any claims or disputes between or among the parties arising out of, or relating to" the agreement (Mot. to Amend, Ex. C at 10.), governs Marino's claim for wrongful use of civil proceedings.

The scope of a forum selection clause is a question of contract interpretation. John Wyeth & Brother Ltd. v. Cigna Int'l Corp., 119 F.3d 1070, 1073 (3d Cir. 1997). Under general contract law principles, "we first look to the text of the contract to determine whether it unambiguously states the parties' intentions." Id. at 1074. "To be 'unambiguous,' a contract clause must be reasonably capable of only one construction." Id. The forum selection clause here governs claims or disputes "relating to" the 2003 Settlement. A claim or dispute "relat[es] to" the 2003 Settlement if the claim or dispute has "some connection or relation" to the 2003 Settlement. Webster's New World Dictionary: Third College Edition, 1132 (Victoria Neufeldt & David B. Guralnik eds., 3d ed. 1988); see also John Wyeth & Brother Ltd., 119 F.3d at 1074 (to say the origin of a dispute is "related" to an agreement is to say that the origin of the dispute has some "logical or causal connection" to the agreement) (citing Webster's Third New International

Dictionary, 1916 (1971)).

The 2003 Settlement purported to settle "[Marino's] claims against [CCB and ACS] and [CCB's and ACS's] claims against [Marino] arising out of, or in any way related to, [Marino]'s Employment Agreement and/or employment relationship with [CCB and ACS]." (Mot. to Amend, Ex. C at 3.) Paragraph 3 of the 2003 Settlement states that CCB and ACS released Marino from all claims "growing out of" the "negotiation, operation or termination" of the employment relationship between Marino, and CCB and ACS. (Mot. to Amend, Ex. C at 5.) The 2003 Settlement also states that it "extinguish[ed] any and all claims the Plaintiff or Defendants have, or may have, against each other arising out of, or . . . relating to the Employment Agreement and the employment relationship which existed between the parties." (Mot. to Amend, Ex. C at 5.)

In this wrongful use of civil proceedings action, Marino claims the lawsuit filed by CCB and ACS, alleging breach of employment contract and breach of fiduciary duty as general counsel for CCB and ACS, was frivolous because the employment relationship among Marino, CCB and ACS, had already been terminated by the 2004 Settlement. Simply put, Marino argues he should not have been subject to suit on the basis of his employment relationship with CCB and ACS, because said relationship no longer existed. Notwithstanding that Marino alleges his wrongful use of civil proceedings claim is based upon the terms of the 2004 Settlement, this dispute also bears some connection or relation to the 2003 Settlement because the settlement released Marino from all claims "growing out of" the "negotiation, operation, or termination" of the employment relationship with CCB and ACS, and extinguished all claims the parties may have "arising out of" or "relating to" their employment relationship.

The sweeping language of the 2003 Settlement, along with its forum selection clause granting "exclusive jurisdiction of the United States District Court for the District of Delaware for any claims or disputes between or among the parties arising out of, or relating to" the settlement, reveals the parties' intent to have any claims relating to their former employment relationship adjudicated in the District of Delaware.

Marino's wrongful use of civil proceedings claim relates to the 2003 Settlement. The forum selection clause in Paragraph 14 of the 2003 Settlement governs this action, and the court gives substantial weight to the clause as a manifestation of the parties' forum preference under § 1404(a).

### 2.      Balancing of the § 1404(a) factors

The parties agreed at the hearing on June 25, 2007, that they prefer the action transferred to the United States District Court for the District of Delaware, and this preference was expressed in their forum selection clause. The preference of the parties clearly weighs in favor of transfer. Although Marino's claim for wrongful use of civil proceedings arises directly from the allegedly frivolous lawsuit filed by CCB and ACS in Pennsylvania state court on April 26, 2004, it also relates to the series of litigation and settlements in the District of Delaware. Arguably, the April 26, 2004, action that forms the basis for Marino's claim should have been brought in the District of Delaware under the forum selection clause of the 2003 Agreement. Although this action alleges violation of the Pennsylvania Dragonetti Act, this fact is counterbalanced by the substantial weight afforded to the parties' forum preferences and the forum selection clause that governs this action. The convenience of the parties and witnesses, location of evidence, practical considerations, and relative administrative difficulty do not clearly

favor one forum over the other.  After having considered the § 1404(a) factors, the court concludes the balance weighs in favor of transfer.

### III. CONCLUSION

The rule to show cause will be discharged and, under 28 U.S.C. § 1404(a), this action, including Marino's outstanding motion to amend, will be transferred forthwith to the United States District Court for the District of Delaware, where it could have been brought.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH J. MARINO** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **CROSS COUNTY BANK and APPLIED** | : | |
| **CARD SYSTEMS, INC.** | : | **NO. 07-1389** |

## ORDER

     **AND NOW**, this 29th day of June, 2007, following a hearing dated June 25, 2007, at which counsel for all parties were heard, for the reasons stated in the accompanying memorandum, it is **ORDERED** that:

     1.    The rule to show cause why this case should not be remanded for failure to meet the amount in controversy requirement is **DISCHARGED**.

     2.    This action is **TRANSFERRED FORTHWITH** under 28 U.S.C. § 1404(a) to the United States District Court for the District of Delaware, where it could have been brought.

                                                          /s/ Norma L. Shapiro
                                                          Norma L. Shapiro, S.J.